FILED

2008 Jun-17  PM 01:55
U.S. DISTRICT COURT
N.D. OF ALABAMA



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM DWIGHT MORRISON, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | 7:08-CV-00339-LSC |
| | ] | |
| LIFE INSURANCE COMPANY OF | ] | |
| NORTH AMERICA, | ] | |
| | ] | |
| Defendant. | ] | |

MEMORANDUM OF OPINION

I.    Introduction.

The Court has for consideration Defendant Life Insurance Company of North America's ("LINA") Motion to Dismiss Count II of Plaintiff's Complaint, which was filed on April 1, 2008.  (Doc. 7.)  Plaintiff William Dwight Morrison ("Morrison") filed suit against Defendant LINA alleging violations of the Employment Retirement Income Security Act ("ERISA").[1]   Specifically, Plaintiff asserts claims for wrongful denial of long-term disability benefits under 29 U.S.C. § 1132(a)(1)(B)("§ 502(a)(1)(B)"), breach of fiduciary duty

---

[1]ERISA was codified as part of Title 29 of the United States Code.  Therefore, ERISA § 502 may be used interchangeably with 29 U.S.C. § 1132.

under 29 U.S.C. § 1132(a)(3)("§ 502(a)(3)"), and failure to comply with requests for information under 29 U.S.C. § 1132(c).  Defendant LINA moves to dismiss Plaintiff's ERISA § 502(a)(3) breach of fiduciary duty (Count II), arguing that the claim is incompatible with Plaintiff's claim for benefits. The issues raised in Defendant's motion to dismiss have been briefed by the parties and are now ripe for consideration.  Upon full consideration of the legal arguments and evidence presented, the motion is due to be granted.

II.    Facts.[2]

Plaintiff Morrison was employed by Goodrich Corporation ("Goodrich"), which provided its employees with long-term disability benefits through a policy provided by LINA.[3]  Plaintiff claims that he was a participant in the employee welfare benefit plan, the Goodrich Corporation Group Benefits and Insurance Program (the "Plan"), which was provided by LINA and maintained by his employer.  (Doc. 7.)

---

[2]Unless otherwise indicated, the facts are taken from Plaintiff's Complaint.

[3]LINA provided the Goodrich employees with a long-term disability benefit policy at all times material to the facts set forth in the Complaint.

While employed by Goodrich and covered under the LINA Plan, Plaintiff suffered from numerous ailments including:  back problems involving degenerative disc disease, deteriorated disc, and a failed back surgery; pain in his shoulder and his right arm, including his ulnar nerve; degenerative changes in his knees, causing significant portions of the cartilage in his right knee to disappear; and day time somnolence and neuropathy involving a radiculopathy causing constant burning and numbness in the lower extremities.  Plaintiff continues to suffer from some, or all, of these ailments.  In addition, Plaintiff has been on medications such as Oxycotin, Oxycodone, and Lyrica for his back problems and pain.  Based on Plaintiff's ailments, two of Plaintiff's treating physicians determined that he is disabled from performing any form of work.  Also, an independent physician, selected by the Social Security Administration ("SSA"),[4] found Plaintiff disabled from any occupation, thereby resulting in Plaintiff being awarded SSA benefits.

Plaintiff applied for long-term disability with LINA.  While LINA originally denied Plaintiff's claim, it later admitted Plaintiff's disability by

---

[4]LINA required Plaintiff to file for SSA benefits before it would pay benefits.

a letter dated October 24, 2005.  After admitting Plaintiff's disability, LINA delayed paying benefits for several months based on its assumption that Plaintiff was receiving SSA benefits; however, Plaintiff had informed LINA that, at that time, he had not been granted SSA benefits.

On February 16, 2006, LINA sent a letter to Plaintiff, informing him that his benefits would terminate as of April 6, 2006 because his condition would have improved, at that time, to the extent that he could return to work.  In the February 16, 2006 letter, LINA advised Plaintiff that he could appeal the decision to cut off benefits, and that any appeal would be decided within 45 days.  If an extension was needed to decide the appeal, it would be noted within the first thirty days.  A maximum of 90 days thereafter would be used to decide the claim.[5]

Plaintiff appealed LINA's termination and denial of his long-term disability benefits on July 13, 2006.  According to Plaintiff, LINA did not make a decision within 45 days of the receipt of the appeal, nor did it show good cause for an extension within 30 days of receiving the letter.

---

[5]The Code of Federal Regulations requires decisions to be made in the same manner.  *See* 29 C.F.R. § 2560.503-1.

On August 15, 2006, LINA informed Plaintiff, by letter, that it needed to consult with a healthcare professional as to determine Plaintiff's functional ability.  Plaintiff claims that this consultation was not described as a matter that would require LINA to need additional time to make its decision of the claim, especially since the healthcare provider was an employee of LINA.   The letter also provided that LINA's decision on Plaintiff's appeal would be set forth on August 30, 2006.

LINA informed Plaintiff on September 13, 2006 that it had yet to complete its review of the claim, but that it expected to complete the review within 30 days from the date of the letter.  On November 15, 2006, about 76 days after the decision was due, LINA sent Plaintiff its determination of the claim, denying Plaintiff's claim and informing him that he had the opportunity to appeal.  LINA's review of the appeal was subject to the same time frame stated above.  While LINA added information to its claim file regarding Plaintiff's alleged disability, Plaintiff was not given the opportunity to review the material or comment upon it.

Plaintiff again appealed the denial of his claim on February 15, 2007. According to Plaintiff, LINA did not make its decision within the time frames

nor did it note that it needed an extension within the first 30 days.  On June 19, 2007, LINA again denied Plaintiff's claim.

After receiving notice of LINA's denial, Plaintiff, on August 21, 2007, requested a copy of the summary plan description, the claim file, the claim manual, and statements of policy or guidance with respect to the plan in order to determine LINA's reasons for denying his claim.  LINA failed to respond, so Plaintiff sent a second letter dated October 9, 2007 to which LINA again did not respond.  Plaintiff then sent a copy of the letter requesting copies of the documents to Goodrich.  On November 13, 2007, Goodrich provided a copy of the summary plan description; however, it did not have possession of the other documents and could therefore not provide copies of such.  In response, Plaintiff sent a letter to Goodrich on November 28, 2007, informing Goodrich of LINA's failure to provide documents and requesting Goodrich to cause LINA to produce the documents.  The following day, LINA contacted Plaintiff's counsel by phone and promised to provide the documents as soon as possible.  On December 7, 2007, Plaintiff finally received a portion of the claim file; however, the other documents sought were still not produced.

On December 14, 2007, Plaintiff sent LINA a letter, providing documented evidence of Plaintiff's disability,[6] in an attempt to correct the alleged unfairness of LINA's claims review before filing a lawsuit.  Plaintiff, on January 8, 2008, requested that if LINA desired to conduct a medical review or vocational evaluation of Morrison, that he have the opportunity to obtain a copy of the reports prior to a final decision being made on his claim in order to respond.  On January 16, 2008 and February 14, 2008, Plaintiff inquired as to whether a decision would be made on the matter or whether a suit should be filed.   LINA responded by letter on February 18, 2008, refusing to correct the alleged unfairness of the appeal and refusing to allow Plaintiff to respond to the additional information.

Plaintiff has exhausted all of his administrative remedies; therefore, he brings this suit arising from LINA's actions with regard to his claim.  Based on LINA's actions, Plaintiff alleges that LINA wrongfully refused to pay or consider Plaintiff's long-term disability benefits, LINA breached its fiduciary

---

[6]This evidence included a transcript and audio recording from one of Plaintiff's treating physicians, a transcript and video regarding Plaintiff's limitations, the findings from the SSA, a detailed vocational evaluation indicating that Plaintiff could not work, updated medical records, a transcript of Plaintiff's statement, references to medical journals, and substantial authority regarding Plaintiff's diseases.

duty to conduct a full and fair review of Plaintiff's claim for benefits, and LINA breached its duty to comply with requests for information.

III.    Standard of Review.

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "The standard of review for a motion to dismiss is the same for the appellate court as it [is] for the trial court." *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990). To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations;" however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1964-65

(2007)(internal citations omitted).[7]  The plaintiff must plead "enough facts to state a claim that is plausible on its face."  *Id.* at 1974.

"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'"  *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)(quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  All "reasonable inferences" are drawn in favor of the plaintiff.  *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).  "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal."  *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003)(quoting *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)).  Furthermore, "[a] complaint may not be dismissed because the

---

[7]The Supreme Court in *Bell Atl. Corp. v. Twombly* abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" set forth in *Conley v. Gibson*.  *See Bell Atl. Corp.*, 127 S.Ct. at 1968 (quoting *Conley*, 355 U.S. 41, 45-46 (1957)).  The Supreme Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  *Bell Atl. Corp.*, 127 S.Ct. at 1960.

plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)(citation omitted).

IV.   Discussion.

LINA contends that Plaintiff's ERISA § 502(a)(3) breach of fiduciary duty claim is due to be dismissed as it is incompatible with Plaintiff's claim for benefits under § 502(a)(1)(B) and is foreclosed by controlling case authority.[8]

According to the United States Supreme Court, § 502(a)(3) is a "catchall provision" that acts as a "safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not

---

[8]ERISA provides for civil causes of action, which may be brought by plan participants or beneficiaries.  ERISA § 502(a) provides that a civil action may be brought:

> (1) by a participant or beneficiary--(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan; . . .
>
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (I) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan. . . .

29 U.S.C. § 1132(a) (2007).

elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996)(holding that § 502(a)(3) authorizes a claim for individual relief for breach of fiduciary duty).[9]   With regard to the catchall provision of § 502(a)(3), the Supreme Court further stated that:

> [T]he statute authorizes "appropriate" equitable relief.[10] We should expect that courts, in fashioning "appropriate" equitable relief, will keep in mind the "special nature and purpose of employee benefit plans," and will respect the "policy choices reflected in the inclusion of certain remedies and the exclusion of others." Thus, we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be "appropriate."

516 U.S. at 515 (internal citations omitted).[11]

---

[9]"This holding was premised upon the Court's finding that the plaintiffs had no other available remedy under ERISA." *Rosario v. King & Prince Seafood Corp.*, 2006 WL 2367130, at *8 (S.D. Ga. Mar. 7, 2006)(citing *Varity Corp.*, 516 U.S. at 515).

[10]In clarifying the definition of appropriate relief, the Supreme Court has stated that such relief "is limited to various forms of equitable relief including injunctive, restitutionary, or mandamus relief but does not extend to compensatory or 'make whole' damages." *Seales v. Amoco Corp.*, 82 F. Supp. 2d 1312, 1324 (M.D. Ala. 2000), *aff'd*, 245 F.3d 795 (11th Cir. 2000)(citing *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256-68 (1993)).

[11]In *Varity Corp. v. Howe*, the normal route for individual recovery by participants and beneficiaries under § 502(a)(1)(B) was not available because the plan in which the employees were participants was bankrupt.  516 U.S. at 515.  Therefore, the Supreme Court allowed the employees to proceed under § 502(a)(3) since no other provision within § 502 would allow for recovery.  *Id.*

The Eleventh Circuit has held that a plaintiff with an adequate remedy under § 502(a)(1)(B) cannot also proceed with a claim for equitable relief under § 502(a)(3).  *See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1276 (11th Cir. 2005); *Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F.3d 1284, 1287-88 (11th Cir. 2003)(holding that the plaintiff did not have a claim under § 502(a)(3) where there was an adequate remedy under § 502(a)(1)(B), even though that adequate remedy was barred by the doctrine of res judicata); *Katz v. Comprehensive Plan of Group Ins.*, 197 F.3d 1084, 1088 (11th Cir. 1999)(upholding a district court's dismissal of an ERISA plaintiff's § 1132(a)(3) claim because she had an adequate remedy under § 1132(a)(1)(B)); *Harrison v. Digital Health Plan*, 183 F.3d 1235 (11th Cir. 1999)(holding that the district court did not err in dismissing the employee's claim for breach of fiduciary duty as duplicative of claim seeking medical benefits).  "[I]f a plaintiff can pursue benefits under the plan pursuant to [§ 502(a)(1)(B)], there is an adequate remedy under the plan which bars a further remedy under [§ 502(a)(3)]."  *Ogden*, 348 F.3d at 1287 (quoting *Larocca v. Borden, Inc.*, 276 F.3d 22, 28 (1st Cir. 2002)).  "[T]he availability of an adequate remedy under the law for *Varity* purposes, does not mean,

nor does it guarantee, an adjudication in one's favor." *Katz*, 197 F.3d at

1089.

In considering whether a plaintiff has stated a claim under § 502(a)(3),

the Eleventh Circuit has provided:

> [T]he relevant concern in Varity, in considering whether the
> plaintiffs had stated a claim under Section 502(a)(3), was
> whether the plaintiffs also had a cause of action, based on the
> same allegations, under Section 502(a)(1)(B) or ERISA's other
> more specific remedial provisions. As the Court explained, the
> purpose of Section 502(a)(3) was to "act as a safety net, offering
> appropriate equitable relief for injuries caused by violations [of
> ERISA] that § 502 does not elsewhere adequately remedy." The
> relief that the plaintiffs sought in their complaint was not
> relevant to this inquiry.

*Jones v. Am. Gen. Life & Accident Ins. Co.*, 370 F.3d 1065, 1073 (11th Cir.

2004)(quoting *Varity*, 516 U.S. at 512). "The central focus of the Varity

inquiry involves whether Congress has provided an adequate remedy . . .

elsewhere in the ERISA statutory framework." *Jones*, 370 F.3d at 1073

(internal quotations omitted) (citation omitted). Therefore, for purposes of

establishing whether a plaintiff has stated a claim under Section 502(a)(3),

a court should consider "whether the allegations supporting the Section

502(a)(3) claim were also sufficient to state a cause of action under Section

502(a)(1)(B), regardless of the relief sought, and irrespective of the [plaintiff's] allegations supporting [his] other claims." *Id.* at 1073-74 (where appellants conceded for purposes of their claim under § 502(a)(3) that they were not entitled to group life benefits under the terms of the plan, court held that they were entitled to rely on § 502(a)(3) or they would have no remedy at all).

In this action, it is apparent that Plaintiff's allegations, as set forth in the Complaint, support not only a claim under § 502(a)(3) but also a claim under § 502(a)(1)(B). Plaintiff makes a claim under § 502(a)(1)(B) seeking to recover long-term disability benefits, based on LINA's alleged wrongful refusal to pay or consider Plaintiff's long-term disability benefits. Plaintiff also alleges a § 502(a)(3) breach of fiduciary duty claim for failure to conduct a full and fair review of Plaintiff's claim, based on LINA's alleged refusal to consider evidence submitted by Plaintiff, failure to follow claim procedures, failure to use appropriate health care professionals, and refusal to take into account the SSA's determination of disability.[12]  In essence,

---

[12]Plaintiff seeks equitable relief under § 502(a)(3) for a breach of the fiduciary duty, claiming that he is entitled to an injunction against LINA from offsetting SSA benefits, a court order directing LINA to make the information provided by Plaintiff a part of the

Plaintiff has claimed that LINA wrongfully denied his long-term disability benefits to which he is entitled; therefore, both counts relate to LINA's denial of long-term disability benefits.[13]  Thus, his allegations in support of his § 502(a)(3) claim are also sufficient to state a cause of action under § 502(a)(1)(B).  Since § 502(a)(1)(B) clearly provides Plaintiff with an adequate remedy for his injury by according him with a cause of action "to recover benefits due to him under the terms of his plan" 29 U.S.C. § 1132(a)(1)(B), Plaintiff cannot maintain a breach of fiduciary duty claim under § 502(a)(3).[14]  *See Jones*, 370 F.3d at 1073 (holding that "a breach of fiduciary claim [cannot] constitute appropriate equitable relief within the meaning of [§ 1132(a)(3)] for an injury that could be adequately remedied by a cause of action under [§ 1132(a)(1)(B)]").

_____

claim file, a court order directing LINA to allow a third party administrator to conduct further reviews of Plaintiff's claim, the removal of LINA as a fiduciary and plan administrator, attorney's fees, declaratory relief that Plaintiff is entitled to de novo review of his claim, restitution of unpaid benefits along with interest, and other appropriate equitable relief.  (Doc. 1 at ¶ 36.)

[13]In his response to the motion to dismiss, Plaintiff even states that "[t]he breaches all relate to claims handling practices."  (Doc. 10 at 7.)

[14]It does not matter if Plaintiff ultimately prevails on his § 502(a)(1)(B) claim, only that he has the opportunity to pursue the claim under one of ERISA's remedial provisions.  *See Katz*, 197 F.3d at 1089.

Plaintiff contends that his § 502(a)(3) claim should not be dismissed for numerous reasons.[15]   First, Plaintiff contends that equitable relief is separate from contractual relief.  (Doc. 10 at 3.)  Plaintiff argues that § 502(a)(1)(B) does not provide for equitable relief for past and future actions, even if the claims process was unfair; therefore, he is entitled to bring his § 502(a)(3) claim for equitable relief against such unfairness in the claims process.  While Plaintiff concedes that he is not entitled to double recovery, he argues that the recovery of benefits is not enough and that he is also

---

[15]Plaintiff claims that (1) he has met the standard to overcome a motion to dismiss; (2) equitable relief is separate from contractual relief, indicating that the relief under ERISA § 502(a)(1)(B) is not adequate; (3) there is no automatic rule barring a § 502(a)(3) and § 502(a)(1)(B) in the same action; and (4) Plaintiff has alleged breaches of fiduciary duty deserving of an adequate remedy.  With regard to the standard to overcome a motion to dismiss, Plaintiff claims that the Complaint sets out sufficient facts to support a breach of fiduciary duty claim.  However, the issue raised by Defendant's motion to dismiss is not whether Plaintiff has alleged facts that support a breach of fiduciary duty claim, but rather, whether a claim under ERISA § 502(a)(3) is precluded due to Plaintiff's § 502(a)(1)(B) claim.  Therefore, this Court will assume for purposes of this Opinion that Plaintiff has plead enough facts to support a plausible breach of fiduciary duty claim, and will address only whether the § 502(a)(3) claim is precluded by law.  In addition, with regard to the allegations of breach of fiduciary duty, Plaintiff argues that he has alleged a breach of fiduciary duty that is deserving of an adequate remedy.  However, the issue presented to the Court is whether an adequate remedy exists thereby precluding the § 502(a)(3) claim.  Therefore, the Court need not address whether Plaintiff has sufficiently alleged a breach of fiduciary duty deserving of an adequate remedy.  Thus, this Court will address Plaintiff's arguments that relief under ERISA § 502(a)(1)(B) is not adequate and that there is no automatic rule barring the coexistence of claims under § 502(a)(3) and § 502(a)(1)(B).

entitled to equitable relief based on LINA's past and future actions. However, in *Varity*, the Supreme Court stated that where Congress has provided adequate relief for a beneficiary's injury, such as under § 502(a)(1)(B), further equitable relief "normally would not be 'appropriate.'" 516 U.S. at 515.[16]  Since Plaintiff has a cause of action under § 502(a)(1)(B), he cannot also assert a claim under § 502(a)(3), regardless of the relief sought.  *See Jones*, 370 F.3d at 1073.

--------

[16]While not binding on this Court, two district courts, when faced with similar arguments, held that a plaintiff cannot seek equitable relief in addition to, or in preference of, the claim for benefits.  *See Miller v. Hartford Life & Accident Ins. Co.*, 2007 WL 1287694, at *3 (M.D. Ga. May 1, 2007); *Nolte v. BellSouth Corp.*, 2007 WL 120842, at *6 (N.D. Ga. Jan. 11, 2007).  In *Miller v. Hartford Life & Accident Ins. Co.*, the plaintiff brought a claim for benefits under § 1132(a)(1)(B) (Count I), a breach of fiduciary duty claim under § 1132(a)(3) (Counts II & III), and a § 1132(a)(3) claim for a mandatory injunction to prevent further wrongful withholding of benefits (Count IV).  2007 WL 1287694, at *3. The District Court in *Miller v. Hartford Life & Accident Ins. Co.*, relied on a sister court's analysis and held:

> Varity does not hold that Plaintiff is entitled under ERISA to choose the relief she prefers. Plaintiff argues that an award of benefits under § 1132(a)(1)(B) does not enable the full relief she seeks-an injunction.... ERISA, however, does not allow Plaintiff to opt out of the remedies that may be available under § 1132(a)(1)(B) in favor of relief under § 1132(a)(3), simply because she believes relief under the latter section is the superior or more complete remedy. Plaintiff does not seriously argue that § 1132(a)(1)(B) does not provide a remedy, and she does not cite to any binding authority which holds a plaintiff can assert a claim under § 1132(a)(3) when she clearly alleges a claim for benefits under § 1132(a)(1)(B).  Plaintiff's alleged injury, despite how she characterizes it, is one for disability benefits under § 1132(a)(1)(B).

*Id.* (quoting *Nolte*, 2007 WL 120842, at *6).

Next, Plaintiff contends that he is entitled to appropriate equitable relief regarding LINA's abusive and wrongful claims procedures. (Doc. 10 at 4.) Plaintiff claims that LINA is maintaining an unfair claims review process; therefore, he is entitled to prospective injunctive relief.   However, Plaintiff's argument that his claim under § 502(a)(3) is prospective is unpersuasive.   *See Jones*, 370 F.3d at 1073 (in determining whether a plaintiff has a claim under § 502(a)(3), a court is to consider whether the allegations supporting the § 502(a)(3) claim are also sufficient to support a § 502(a)(1)(B) claim, "regardless of the relief sought").[17]   In addition, Plaintiff's claim for prospective equitable relief is hypothetical and speculative; therefore, it cannot stand.   *See Hackney,* No. 2:06-cv-00021,

_____

[17]*See also George v. Life Ins. Co. of N. Am.*, 2007 WL 900836, at *1 (M.D. Ala. Mar. 26, 2007)(stating that plaintiff's characterization of her breach of fiduciary duty claim as prospective while her claim for benefits was retrospective was unpersuasive, and that since plaintiff had a claim under § 502(a)(1)(B), her claim under § 502(a)(3) was precluded); *Hackney v. Liberty Nat'l Life Co.*, No. 2:06-cv-00021, slip op. at 4 (N.D. Ala. April 21, 2006)("[b]ecause Plaintiff has a viable § 502(a)(1)(B) claim for benefits, he cannot maintain a § 502(a)(3) breach of fiduciary duty claim against the Defendant, regardless of the distinct relief sought").

slip op. at 4-5.[18] In *Hackney*, under similar circumstances, the District Court

for the Northern District of Alabama stated:

> Such a claim is not ripe for consideration by the court.
> Additionally, if the court ordered an injunction compelling the
> Defendant to provide a "full and fair" review of future claims,
> the court would be duplicating mandatory regulations issued by
> the Department of Labor.  Those regulations provide that every
> employee benefit plan in accordance with ERISA "shall establish
> and maintain reasonable claims procedures."  *See* 29 CFR §
> 2560.503-1.  A beneficiary of such a plan may submit a written
> request to the Secretary of Labor to "exercise his enforcement
> authority" with any violation.  *Id.*  The court does not need to
> declare that the Defendant must comply with the claims review
> procedure outlined in the Department of Labor Regulations.

*Id.*; *see also George*, 2007 WL 900836, at *1.  The relief sought by Plaintiff

is not the type of extraordinary relief contemplated by the Supreme Court

in *Varity* when it described § 502(a)(3) as a "catchall" provision that acts "as

a safety net."  516 U.S. at 512.  Therefore, Plaintiff's claim for prospective

injunctive relief cannot stand.

Third, Plaintiff argues that there is no automatic rule barring a §

502(a)(3) and a § 502(a)(1)(B) claim.  Plaintiff cites *Jones v. American*

*General Life & Accident Insurance Co.* for the proposition that the 11th

---

[18]The Court recognizes that *Hackney v. Liberty Nat'l Life Ins. Co.* is not binding;
however, it finds the analysis applied to be persuasive to the case at hand.

Circuit has made clear that alternative pleading of § 502(a)(1)(B) and § 502(a)(3) was allowed contrary to courts' interpretations of *Katz* that a § 502(a)(3) claim should not be alternatively plead with a § 502(a)(1)(B) claim. (Doc. 10 at 6.)  However, in *Jones*, the Eleventh Circuit explained that a court should consider whether the cause of action under § 502(a)(3) was based on the same allegations as a claim under a more specific provision of ERISA.  *See* 370 F.3d at 1073 (noting that the Court's concern in Varity, was whether or not the plaintiff had an avenue of relief under ERISA's other more remedial provisions, and if so then § 502(a)(3) would not apply to the plaintiff's claim).  In *Jones*, the appellants conceded that the terms of the plan did not permit them to recover benefits, and plead a breach of fiduciary duty claim based on different allegations.[19]   *Id*. at 1071-74. However, in this case, Plaintiff's claim for benefits under § 502(a)(1)(B) and

---

[19]For purposes of their § 502(a)(1)(B) claim, appellants argued that the Plan was ambiguous with respect to whether the group life benefit was vested, indicating that they were entitled to recover under § 502(a)(1)(B) for equitable estoppel since the plan was ambiguous and the plan provider made misrepresentations that constituted an informal interpretation of the ambiguity.  *Jones*, 370 F.3d at 1069-70.  For purposes of their § 502(a)(3) claim, appellants conceded that the plan was unambiguous and argued that the plan provider breached their fiduciary obligations, not by withholding their vested interest, but rather by engaging in a patter of misrepresentation causing appellants to believe the insurance benefit would not change during their retirement. *Id*. at 1071.

claim for breach of fiduciary duty under § 502(a)(3) are based on the same allegations of misconduct, specifically, the denial of benefits.  Therefore, Plaintiff is precluded from asserting the breach of fiduciary duty claim. Based on the foregoing, LINA's motion to dismiss Plaintiff's claim under § 502(a)(3) is due to be granted.

V.     Conclusion.

For the reasons stated above, Defendant LINA's motion to dismiss is due to be GRANTED.  A separate order in conformity with this opinion will be entered.

Done this 17th day of June 2008.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
**153671**